# Grayson *v.* The State.

## *Carrying Concealed Weapons.*

(Decided June 30, 1909. 50 South. 349.)

1. *Witnesses; Credibility; Bias.*—Where the defendant was convicted of carrying a concealed pistol on the evidence of one witness alone and such witness denied having any malice or ill will towards the defendant, the defendant was entitled to show that the witness had previously had him searched by a policeman for a concealed pistol; such evidence not only tends to show the feeling of the witness towards the defendant, but is competent as affecting the witness' credibility.

2. *Same; Bias.*—While bias however strong is no ground for excluding the testimony of the witness it may always be shown for the purpose of affecting the credibility of the witness or the weight of his testimony.

3. *Same; Credibility.*—The fact that a witness had previously appeared and testified in other cases with which accused was not connected, and in offenses other than which he charged was not a circumstance to the discredit of the witness.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Jake Grayson was convicted of carrying concealed weapons and he appeals. Reversed and remanded.

JOHN W. LAPSLEY, and A. D. PITTS, for appellant. The court erred in not permitting defendant to show that the state's witness had previously had defendant searched for a concealed pistol.—*Scott v. The State* 113 Ala. 68; *Burger v. The State,* 83 Ala. 36; *People v. Lee Ahr Chuck,* 6 Pac. 862; 2 Wig on Evi. sec. 950. Bias may be shown as affecting the witness's credibility and weight.—2 Enc. of Ev. 406; 123 Ala. 482.

ALEXANDER M. GARBER, Attorney General, for the State. The court properly excluded the evidence.— *Carpenter v. The State,* 98 Ala. 31. The fact that the witness had appeared in other cases was not competent. —*Mitchell v. The State,* 94 Ala. 68. The character as to carrying pistols was not admissible.—*Gaither v. The State,* 89 Ala. 62.

ANDERSON, J.—This defendant was convicted solely upon the evidence of one Majors, who denied having any malice towards him, and the trial court should have permitted the defendant to show that during the same month, and previous to the day he claimed to have seen the pistol, the witness had a policeman to search the defendant in Selma, to see if he did not have a concealed pistol. This would have shown an eagerness on the part of the witness to get evidence, and an effort to make out a similar charge against the defendant, on a former occasion, and was a circumstance to go to the jury as affecting his feeling towards the accused, as well as his credibility as a witness.

Bias, however strong, is no ground for exclusion; but it may always be shown for the purpose of affecting the credibility and weight of the evidence.—2 Wigmore on Ev. § 950; *People v. Lee Ah. Chuck,* 66 Cal. 622, 6 Pac. 862; *Scott v. State,* 113 Ala. 68, 21 South. 425; *Burger*

*v. State,* 83 Ala. 36, 3 South. 319.　It is true the trial court has considerable discretion upon the cross-examination of witnesses; but we are of the opinion that the defendant was prejudiced to reversible error by the refusal to let him show that this witness Majors had previously had him searched in order to find a pistol upon his person.

The fact that the state's witness had previously appeared and testified in other cases, said testimony not being connected with this defendant or this offense, was no circumstance going to his discredit in the case at bar.—*Mitchell v. State,* 94 Ala. 68, 10 South. 518.

The other objections and exceptions to the ruling upon the evidence are clearly without merit.　For the error pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.